**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOSE JUAN FARIAS,

        Defendant-Appellant.

No. 07-4147
(D. Utah)
(D.C. Nos. 2:07-CV-366-DAK and
2:05-CR-791-DAK)

**ORDER DENYING REQUEST FOR**
**CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON,** and **MURPHY**, Circuit Judges.

      This matter is before the court on Jose Juan Farias's *pro se* requests for a

certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*.  Farias, a federal prisoner, seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2255 motion.  28 U.S.C.

§ 2253(c)(1)(B).[1]  This court **grants** Farias's request to proceed on appeal *in*

*forma pauperis*.  Because, however, he has not "made a substantial showing of the

---

[1] The district court did not issue Farias a COA within thirty days of the filing of his notice of appeal.  Accordingly Farias's request for a COA in the district court is deemed denied.  10th Cir. R. 22.1(C).

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Farias pleaded guilty to possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(a). His plea agreement contained waivers of both appellate and collateral-attack rights. Farias nevertheless brought the instant § 2255 motion claiming his plea agreement was obtained through ineffective assistance of counsel. In particular, Farias asserted (1) he did not knowingly waive his right to directly appeal his sentence and (2) he was coerced into pleading guilty based on his counsel's promise that he would receive a ten-year sentence.

The district court dismissed Farias's § 2255 motion with prejudice. The district court began by recognizing that although waivers of collateral-attack rights were generally enforceable, an exception existed for challenges involving claims of ineffective assistance with regard to entering the plea or negotiating the agreement. *United States v. Cockerham*, 237 F.3d, 1179, 1183 (10th Cir. 2001). The district court nevertheless concluded Farias's conclusory allegations of ineffective assistance were directly contrary to his statements in the plea agreement and thus insufficient to state a claim. In signing the plea agreement, Farias specifically acknowledged he had been advised of and understood the limitations on his direct appeal and collateral-attack rights. He further expressly

acknowledged that it was the district court alone that would impose a sentence and acknowledged the district court's sentence could differ from any sentence estimated by the prosecution or defense counsel. When measured against these specific statements in the plea agreement, Farias's conclusory allegations of ineffective assistance were clearly insufficient. *Lasiter v. Thomas* 89 F.3d 699, 702 (10th Cir. 1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a movant, like those present in this case, that a plea is knowing and voluntary).

The granting of a COA is a jurisdictional prerequisite to Farias's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Farias must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Farias has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338. Although Farias need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Farias's appellate filing, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Farias is not entitled to a COA. The district court's resolution of Farias's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Farias's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk